UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN C. TARMAS,

    Plaintiff,

v.                                    Case No. 3:07-cv-290-J-32HTS

DONALD C. WINTER,
Secretary of the Navy,

    Defendant.

_____

**O R D E R**

This cause is before the Court on the following matters:

1. Defendant's Motion to Compel Plaintiff's Physical Examination, Enlargement of Defendant's Expert Disclosure Deadline, for Continuance of the Dispositive Motion Deadline, Mediation and Trial Date, and for Expedited Ruling (Doc. #37; Motion to Compel). The Motion to Compel is opposed. *See* Plaintiff's Reply to Defendant's Motion to Compel Plaintiff's Physical Examination, Enlargement of Defendant's Expert Disclosure Deadline, for Continuance of Dispositive Motion Deadline, Mediation and Trial Date, and for Expedited Ruling (Doc. #39; Opposition).

Defendant argues "that Plaintiff has placed the state of his medical condition at issue with respect to his disability discrimination claim and that good cause exists to have an examination." Motion to Compel at 12. The Secretary does not

contest the fact the Motion to Compel was made after the August 15, 2008, discovery deadline. *See id*. at 15; Amended Case Management and Scheduling Order (Doc. #20). However, it is contended he "has demonstrated excusable neglect which would warrant reopening discovery[,]" Motion to Compel at 14 (emphasis and capitalization omitted), so that a medical examination can be completed. *See id*. at 15.

Mr. Tarmas maintains the Court should not grant the Motion to Compel "in order to be consistent with the laws and rules of civil procedure and discourage parties from attempting to manipulate the court[.]" Opposition at 15. He asserts Defendant failed to exercise due diligence in locating a medical specialist, *see id*. at 2, and the Motion to Compel is an example of the "well documented history of Defendant's stall tactics and staged delays designed to enhance his own legal position throughout this case." *Id*. at 17.

Rule 35(a), Federal Rules of Civil Procedure (Rule(s)), states:

> The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control. . . . The order . . . may be made only on motion for good cause and on notice to all parties and the person to be examined; and . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Rule 35(a). Thus, "Defendant must establish that Plaintiff has put [his physical or] mental condition 'in controversy' and must also show 'good cause[.]'" *Schlunt v. Verizon Directories Sales-West, Inc.*, No. 3:05-cv-666-J-25MCR, 2006 WL 1643727, at *2 (M.D. Fla. June 12, 2006).

In this action, Plaintiff is suing his employer for reprisal and disability discrimination. *See* Complaint (Doc. #1; Complaint) at 2. He claims he suffers from delayed sleep phase syndrome, a sensory dysfunction, and a mood disorder. Formal Complaint of Discrimination, attached to the Complaint as Exhibit A, at (externally numbered) 6. According to Mr. Tarmas, he was discriminated against, *inter alia*, when "management failed to provide reasonable accommodation with an adequate work schedule." *Id.* Defendant disputes that Plaintiff "is a qualified individual with a disability as defined by the ADA, 42 U.S.C. § 12111(8)." Complaint at 1; Defendant's Answer and Affirmative Defenses (Doc. #7; Answer) at 3, 6; *cf.* Answer at 6 ("Defendant has reasonably accommodated any asserted 'limitations' for which accommodation could be made[.]"). Therefore, it appears Mr. Tarmas' physical condition may be in controversy. *See, e.g., Ali v. Wang Labs. Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995); *Parker v. Univ. of Penn.*, 128 F. App'x 944, 948 (3d Cir. 2005) (per curiam).

Good cause for the examination, however, is not clearly demonstrated by the Motion. It has been said "[t]he 'good cause'

standard . . . comes into play when . . . the medical examination proposed may be painful or present some risk, or when multiple or repeated examinations are being requested." Joseph G. Matye, Interlocutory Appeals of Rule 35 Medical Examination Orders, 61 UMKC L. Rev. 503, 516 (1993). Defendant admits the planned battery of multiple tests is "more involved and require[s] more time than a typical independent medical examination." Motion to Compel at 5. Moreover, the Secretary also seems to anticipate Mr. Tarmas having to go "off his medication" for a week, *id.* at 7, and acknowledges that Plaintiff raised the concern that "he needed his medication to control his symptoms[.]" *Id.* at 6; *see also, e.g.*, Opposition at 10 ("To deliberately require the Plaintiff to abstain from taking his daily medication would subject the Plaintiff to continuous physical suffering of unknown intensities[.]"). Remarkably, though, Defendant believes "concerns that the temporary cessation of his medication . . . would adversely affect [Plaintiff's] health" can be obviated by the provision of paid administrative leave. Motion to Compel at 16.

The Motion's timing warrants a brief discussion as well. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b). Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions

caused by circumstances beyond the control of the movant." *Maixner v. United States*, No. 3:05-cv-986-J-33TEM, 2007 WL 4462944, at *2 (M.D. Fla. Dec. 14, 2007) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)) (internal quotation marks omitted). In determining whether it exists, "[t]he Court should consider 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)) (alteration in original).

Without delving too deeply into the details of their exchanges, the Court notes the parties tried for some time to finalize an agreement for Plaintiff's physical examination. Regardless of the relative division of fault for their ultimate failure, this is certainly not a case in which a defendant belatedly confronted the opposing party with a surprise request to arrange for testing. Of even more importance, the presiding district judge has recently cancelled the pretrial conference and trial, setting the case for a January 20, 2009, status conference. *See* Order (Doc. #47). Thus, concerns about delay and associated prejudice are at this point largely moot.

Accordingly, the Motion to Compel (Doc. #37) is **DENIED** without prejudice to Defendant filing, within eleven (11) days from the date of this Order, a supplemental motion of no more than eight (8) pages establishing good cause for the examination.  Such a filing, in addition to complying with Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), should more specifically describe the tests sought to be performed, the potential risks attendant thereto, and the items listed in Rule 35(a)(2)(B).  Plaintiff shall file his response (of up to eight (8) pages) to the motion, if any, within eleven (11) days thereafter.[1]  If good cause is shown for the testing, the Court expects reopening discovery on a limited basis and extending other deadlines.

2.   Plaintiff's Motion for Court Order to Hold Defendant in Contempt of Court for Failing to Comply with Court Order (Doc. 32) (Doc. #42; Motion).   The Motion is opposed.   *See* Defendant's Response to Plaintiff's Motion for Court Order to Hold Defendant in Contempt of Court for Failing to Comply with Court Order (Doc. #44; Opposition to Contempt).

On September 18, 2008, the Court entered an Order (Doc. #32; Order) granting in part and denying in part Plaintiff's Motion to Compel Discovery (Doc. #28).  *See* Order at 16-17.  Among other instructions, the Court directed Defendant to furnish complete

---

[1] No extension of these timelines should be anticipated absent exigent circumstances.

answers to Interrogatories 7, 12, and 25, "to the best of his knowledge and ability[.]" *Id*. at 16. Mr. Tarmas now claims Defendant has failed to comply with the Order, *see* Motion at 1, and requests the Court hold Mr. Winter in contempt, order him to produce all relevant discovery material, award Plaintiff fees and costs, and deny Defendant's Motion to Compel Plaintiff's Physical Examination, Enlargement of Defendant's Expert Disclosure Deadline, for Continuance of the Dispositive Motion Deadline, Mediation and Trial Date, and for Expedited Ruling (Doc. #37). *See id*. at 13.

It is uncontested Mr. Winter has at a minimum, partially answered the interrogatories at issue, and provided substantial documentation in support thereof. Consequently, "the drastic sanction of recommending that [Defendant] be held in contempt[,]" *CC-Aventura, Inc. v. The Weitz Co., LLC*, No. 06-21598-CIV, 2008 WL 828117, at *3 (S.D. Fla. Mar. 27, 2008), will not be granted. *Cf. Hawkins v. Fulton County*, 96 F.R.D. 416, 421 (N.D. Ga. 1982) (characterizing contempt as "a drastic remedy"). The Motion (Doc. #42), construed as a motion to certify facts to the presiding district court judge, is **DENIED**.

Still, Defendant should be mindful that he fully complies with his discovery obligations. As to Interrogatory 7, he must ensure that he has provided the requested documentation "for all Code 4.4 Propulsion and Power Engineering employees[,]" Order (Doc. #32) at 4, whether or not their "Team Leads . . . were . . . supervised by

Mr. Russeau."  Opposition to Contempt at 2.  Concerning Interrogatory 12, the Secretary may mistakenly believe the resumes of all individuals applying for (rather than merely those of people hired or transferred into) the specified programs had been demanded.  *See id.* at 3 ("[T]he Fleet Readiness Center Southeast . . . receives hundreds of resumes from individuals for position openings[.]"), 4-5 (referring to "the requirement that Defendant review every single vacancy announcement or job posting and to search for documents received by applicants for employment").  Accordingly, he must reread the item and supply the "full answer" compelled by the Order.  *See* Order at 7.[2]  Defendant shall have eleven (11) days from the date of this Order in which to provide complete information.  Failure to do so may result in the imposition of sanctions.

    3.  Plaintiff's Motion in Limine to Exclude Defendant's Expert Witness Evidence and Limit Defendant's Discovery (Doc. #43; Motion in Limine).  Defendant asks "that a ruling on Plaintiff's motion in limine be stayed until the other aspects of Defendant's October 6, 2008, motion have been addressed and ruled upon by the

---

[2] Having considered the positions of the parties, the Court will not condemn Defendant's decision to "produce the bonus/award information" sought by Interrogatory 25 "without disclosing the actual name[] of each individual" in the absence of a privacy agreement. Opposition to Contempt at 7.  To the extent Plaintiff complains about the omission of award data for supervisors and managers, *cf.* Motion at 10, Opposition to Contempt at 7, such need not be provided, as the Court understood the interrogatory as seeking information for employees below management level. *See* Order at 11 (noting that Mr. Tarmas stated his purpose was to compare his "history of excellent work performance [with that of] similarly situated engineers") (internal quotation marks omitted).

Court at the newly scheduled status conference on January 20, 2009." Defendant's Response to Plaintiff's Motion in Limine (Doc. 43) (Doc. #48; Response) at 2. Mr. Winter also indicates Plaintiff in fact failed to confer pursuant to Local Rule 3.01(g) prior to filing the Motion in Limine.  Response at 1.

Given the overlap of certain arguments between the Motion in Limine and the filings addressed in paragraph 1, *supra*, the present posture of the latter, and the potential benefits of a good faith conference entered into by the parties, the Motion in Limine (Doc. #43) is **DENIED** without prejudice.  Plaintiff may bring another such motion, if necessary, subsequent to ensuring full compliance with Local Rule 3.01(g) and obtaining an ultimate resolution of the matters discussed in paragraph 1.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of November, 2008.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any