UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN C. TARMAS,

    Plaintiff,

v.                               Case No. 3:07-cv-290-J-32HTS

DONALD C. WINTER,
Secretary of the Navy,

    Defendant.

**O R D E R**

This cause is before the Court on Defendant's Supplemental Motion to Establish Good Cause for Examination (Doc. #53; Motion). Plaintiff has filed opposition thereto. *See* Plaintiff's Response to Defendant's Supplemental Motion to Establish Good Cause for Examination (Doc. #55).

In denying Defendant's Motion to Compel Plaintiff's Physical Examination, Enlargement of Defendant's Expert Disclosure Deadline, for Continuance of the Dispositive Motion Deadline, Mediation and Trial Date, and for Expedited Ruling (Doc. #37), the Court made its ruling without prejudice to the filing of "a supplemental motion . . . establishing good cause for the examination." Order (Doc. #50; Order) at 6. However, "[s]uch a filing, in addition to complying with Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s))," was to "more

specifically describe the tests sought to be performed, the potential risks attendant thereto, and the items listed in Rule 35(a)(2)(B)[,]" Federal Rules of Civil Procedure (Rule(s)).  *Id.*  Said items include specification of "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  *Id.* at 2 (quoting Rule 35(a)).

The Motion, which is untimely, *cf.* Order at 6, fails to indicate compliance with Local Rule 3.01(g).  Nevertheless, it will be considered.  While the Court believes Plaintiff's physical condition is in controversy and has been reassured as to the potential risks associated with the tests sought to be performed, "a seven day Actigraphy and a Nocturnal Polysomnography[,]" Motion at 5, Defendant omits specification of the time for the testing.  *Cf.* Notice of Supplementation of Defendant's Motion to Compel Plaintiff's Physical Examination (Doc. 37) (Doc. #41; Notice) at 2 (designating a time period that has long since passed); Declaration of John DeCerce, M.D., attached to the Notice as Exhibit A, at 3 (same).  Still, to facilitate the progress of this case, the parties will be directed to agree on a suitable timeframe.

Accordingly, upon consideration, good cause is found to have been established and the Motion is **GRANTED** to the extent Plaintiff shall appear, at dates and times agreed upon by the parties but commencing no later than twenty (20) days from the date of this Order, at 580 West 8th Street, Jacksonville Florida, for the

testing referenced herein to be conducted by Dr. John DeCerce, M.D., a suitably qualified examiner. The scope of the examinations shall be consistent with the descriptions contained in the Motion at 6. Further, the deadline for Defendant's expert report shall be February 25, 2009. Plaintiff's rebuttal report is due March 25, 2009.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2009.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any