UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN C. TARMAS,

    Plaintiff,

v.                                  Case No. 3:07-cv-290-J-32HTS

DONALD C. WINTER,
Secretary of the Navy,

    Defendant.

## **O R D E R**

This cause is before the Court on Plaintiff's Motion for Order to Compel Defendant's Compliance with Court Order (Doc. 66) (Doc. #79; Motion). Defendant opposes the Motion. *See* Response to Plaintiff's Motion for Order to Compel Defendant[']s Compliance with Court Order (Doc. 66) (Doc. #81). Plaintiff "prays for this Court to compel the Defendant to furnish complete and detailed answers to Plaintiff's Interrogatory 12, in order to comply with the Court's Order . . . and verbal direction of the Court[.]" Motion at 1.

The instant dispute concerns an interrogatory propounded in October 2007, which eventually became one topic of a ninety-page motion to compel filed in July 2008. *See* Plaintiff's Motion to Compel Discovery (Doc. #28; Motion to Compel) at 2, 4, 9-12. Interrogatory 12 sought "'job resumes' and other details 'for all engineers transferring, or hiring into the F-18 AT FLIR program

and/or EA-6B structures program, from 5/1/03 until present.'" Order (Doc. #32) at 7 (quoting Motion to Compel at 9). After noting the allegedly "modest magnitude of [t]his interrogatory" and "[a]ssuming the programs specified are those from which Plaintiff alleges he was improperly blocked," *id.*, the Court ordered Defendant to provide, "to the best of his knowledge and ability," a "complete answer[.]" *Id.* at 16.

In October 2008, asserting Mr. Winter had unjustifiably shifted the burden of identifying those employees who are "relevant subjects of this interrogatory" to him despite Defendant's having ready "access to the . . . data[,]" Plaintiff complained "the resumes of these individuals" were being willfully withheld. Plaintiff's Motion for Court Order to Hold Defendant in Contempt of Court for Failing to Comply with Court Order (Doc. 32) (Doc. #42) at 6. Observing "the Secretary may mistakenly believe the resumes of all individuals applying for (rather than merely those of people hired or transferred into) the specified programs had been demanded[,]" the Court directed him to "reread the item and supply the full answer compelled[.]" Order (Doc. #50) at 8 (internal quotation marks omitted). Even so, Defendant failed to provide information satisfactory to Mr. Tarmas.

At a hearing held on February 17, 2009, before the presiding district court judge, the controversy was reduced to the qualifications of two individuals for whom, Defendant represented,

no resumes were utilized "because it was a noncompetitive transfer from one position to the other." Status/Motion Hearing Before the Honorable Timothy J. Corrigan (Doc. #68; Transcript) at 36. Mr. Winter was thus ordered to produce,

> no later than March 10th, 2009, . . . a statement from the decision making individual with respect to the two individuals . . . of the qualifications of those two individuals for the position that they were being hired into, including their education, their background, as known by the decision maker, referring to any specific documents that the decision maker was aware of at the time.
>
> And so, in other words, it would be as if the decision maker was in here testifying, Why did you hire this person instead of this person? They're going to say, Well, this person I -- when that person came to me, I knew that they had 20 years of experience in this, and that they had done well in this, and that they had this education, and they had -- or, if they don't know any of that and they just said, I liked -- I liked the cut of their jib, that's fine. Whatever their reason was.

*Id.* at 54-55; *see also id.* at 38; Order (Doc. #66) ("No later than March 10, 2009, defendant will produce the discovery as ordered by the Court on the record." (emphasis omitted)).

"Plaintiff anticipated that the scope and quality of employee qualification data provided within the affidavits[] would be comparable to that contained in a typical employee resume." Motion at 3. Given this expectation, he is disappointed "that neither of [the documents produced] contains enough adequate employment qualification data[] to hire either [individual] for the specialized technical position of engineer." *Id.* Clearly, however, the district judge did not order the furnishing of data

objectively capable of persuading an employer to hire an applicant.[1] He ordered a description of the information known to the decision maker(s) at the time constituting "[w]hatever the[] reason" actually was for permitting the transfer. Transcript at 55. The Court will not presume Defendant is aware of different or more detailed information used to make the decisions than that which was supplied in the affidavits. Still, Plaintiff should take heart from the observation Mr. Winter, to the extent he has not been completely forthcoming, runs a risk of being precluded from introducing at trial any additional evidence that should have been disclosed via the affidavits. *Cf. id.* at 37.

In view of the foregoing, the Motion (Doc. #79) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any

---

[1] Nor did the Court suggest the provision of current resumes not in fact relied upon would be necessary if Plaintiff was ultimately unhappy with the reason(s) provided. *Cf. id.* at 7-9.